UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

IN RE:

HARRY E. OSTEEN, JR.                                    Chapter 13

               Debtor(s)                                    No.  05-40099
_____/

ORDER ON OBJECTION TO CLAIM
OF KEYBANK NATIONAL ASSOCIATION

      THIS CASE came on for a non-evidentiary hearing on the Debtor's Objection to the Proof of Claim of Keybank National Association (Claim #11) in which Keybank asserts a deficiency claim following repossession and sale of a 29' boat securing its claim against the debtor.  The basis for the debtor's objection to the claim is that Keybank did not provide the debtor with notice of the sale of the collateral, thus barring the collection of a deficiency under Florida law.  Keybank has not contended that it did, in fact, give notice of the proposed disposition of the boat and accordingly, the pivotal issue to be determined is whether the failure to give such notice bars Keybank from asserting an unsecured deficiency in this case.

      The Debtor's Objection to Proof of Claim makes the following assertion regarding controlling law in this instance:

> Pursuant to Florida's Uniform Commercial Code, F.S.A. §672.706(4)(b), upon repossession and disposal, "where resale is at public sale … the seller must give the buyer notice of the time and place of the sale."  Failure to give this notice bars collection of any deficiency balance resulting from the sale. F.S.A. § 679.504(3) (now F.S.A. 679.610); People's Bank of Polk County v. Roberts, 779 F.2d 1544 (11th Cir. 1986); In re Forest Enterprises, Inc., 64 B.R. 310 (Bankr. M.D. FL 1986); In re Globe Motor Homes, Inc., 51 B.R. 691 (Bankr. M.D. FL 1985).

This is simply an incorrect statement of Florida law.  Not long after the decisions cited in the Debtor's Objection to Proof of Claim, the Florida Supreme Court in *Weiner v. American Petrofina Marketing, Inc.*, 432 So.2d 1362 (Fla. 1986) addressed this identical issue.  The Court in *Weiner* identified the issue to be decided as follows:

> The question presented concerns the availability of a deficiency judgment to a secured party when he has disposed of collateral in a commercially unreasonable manner in violation of section 69.605(3), Florida Statutes (1983).  The district court found that such failure by the secured party does not preclude him from obtaining a deficiency judgment as a matter of law.  We agree.

*Id* at 1363.

The holding of the Court in *Weiner* was that when the secured party has disposed of collateral in a commercially unreasonable manner, then a presumption arises that the fair market value of the collateral at the time of repossession was equal to the amount of the debt that's secured.  Thereafter, the burden to prove that the fair market value of the collateral was less than the debt than shifts to the secured party.  If the secured party meets the burden, it will then be allowed a deficiency judgment in an amount equal to the debt minus the fair market value of the collateral.  *Id* at 1364.  This principal was applied in *In re Convention Press*, 84 B.R. 232 (Bankr. M.D. Fla 1988) in a case like this case in which the secured party failed to give proper notice of the disposition of the property.  In that case, the Court, citing Florida law, held that "where a sale is conducted without prior notice it will not be considered commercially reasonable".  *Id* at 232.  However, the Court denied the creditor's deficiency based on its failure to satisfy its burden of proof regarding the value of the collateral.

In this case, the mere failure of the secured creditor to give prior notice of the disposition is not a sufficient basis to disallow its unsecured claim.  The creditor now has the burden of coming forward with evidence in compliance with § 679.626, Florida Statutes (2005) to establish the

2

difference between its debt and the amount of proceeds that would have been realized had complied with the provisions relating to disposition of collateral. Therefore, a separate evidentiary hearing on the Debtor's objection is required. Therefore, it is

ORDERED AND ADJUDGED that:

1) Debtor's Objection to Claim will not be sustained as a matter of law; and

2) A separate evidentiary hearing will be scheduled by the court.

DONE AND ORDERED at Tallahassee, Florida, this __7th__ day of __December__, 2005.

*[signature]*

LEWIS M. KILLIAN, JR.
Bankruptcy Judge